## SIGLE v. RIPPETOE.

No. 9619—Opinion Filed Feb. 24, 1920.

(Syllabus by the Court.)

### Contracts—Suit for Purchase Price of Land——Sufficiency of Evidence.

Record examined and held: (1) That the findings of fact of the trial court are sufficiently supported by the evidence; (2) that the judgment rendered by the trial court is not contrary to law.

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action by Anna Rippetoe against C. E. Sigle. Judgment for plaintiff, and defendant brings error. Affirmed.

A. J. Welch, for plaintiff in error.

H. P. Bailey, for defendant in error.

KANE, J. This was an action for the recovery of money, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, before a justice of the peace. The record before us does not disclose the result of the trial before the justice of the peace, but in the trial in the district court judgment was rendered in favor of the plaintiff for $95, to reverse which this proceeding in error was commenced. The action was for the recovery of a balance alleged to be due on the purchase price of a certain tract of land sold by the plaintiff to the defendant. There was a contract in writing which provided, in effect, that the defendant shall pay the plaintiff $450, in payments as follows: $50 in cash; $300 on or before ten days; and the balance, $100, is to be retained by party of the second part and payable when party of the first part assists and helps him to secure a quitclaim deed from balance of heirs. The contract further provides that should party of the first part not be of any assistance in helping clear up this property when called upon, the party of the second part is to retain the $100 to be used in clearing up the property. As soon as the property is cleared up with the assistance of the party of the first part, the $100 becomes payable and due.

Contemporaneous with the execution of this contract. the plaintiff also executed a deed and general warranty to the defendant. The defendant filed his answer, in which he set up the failure of the warranty clause in said deed. and further alleged that he spent the remaining $100 in good faith. in getting the title cleared up. as provided in the contract, and that he had been compelled to pay other and additional sums in the same behalf, for which he prayed judgment against the plaintiff in the sum of $200.

The trial court made findings of facts and conclusions of law as follows:

"The court finds that on the 12th day of January, 1915, the plaintiff and defendant entered into a written contract by which the plaintiff sold to the defendant her interest in lot three, block 50, in the town of Clinton, Oklahoma, subject to a mortgage of $600. The terms of said contract are set forth in plaintiff's Exhibit 'A.'

"That at the time of the execution of said contract the defendant executed or had executed a cashier's check in the sum of $100, which was deposited with said contract, to be retained by defendant and payable when plaintiff should help defendant to secure a quitclaim deed from the balance of the heirs to said property, if defendant should call upon plaintiff for such purpose.

"The court further finds that the defendant never called upon plaintiff for such assistance in clearing up the title to said property, or to secure a quitclaim deed, and that plaintiff was ready and willing to perform such service and that prior to the commencement of this suit the title to the property had been cleared up, and by the terms of said contract the said sum of $100 was payable to plaintiff, for which sum this suit was brought.

"The court further finds that prior to the filing of this suit the plaintiff had borrowed from defendant the sum of $5, which had not been paid, and for which defendant was entitled to a credit upon said $100.

"The evidence does not disclose and the court is unable to find what interest the plaintiff had in the property sold and conveyed to defendant.

"The evidence does not disclose and the court is unable to find that subsequent to the execution of said contract or as a part thereof, the plaintiff warranted the title to said property, and it is further unable to find what, if any sum, the defendant would be entitled to under said contract by reason of any defect in title or breach of warranty of said contract by failure of title to the interest of plaintiff or incumbrance thereon, or taxes against the same. The court further finds that the deed referred to in the evidence, although not formally identified, marked and introduced, was superseded by the said contract.

"(1) That the plaintiff has established the material allegations of her bill of particulars.

"(2) That the burden is upon the defendant to establish the allegations of his answer and cross-petition.

"(3) That the allegations of such answer and cross-petition sufficient to constitute a defense to the plaintiff's petition have not been established. except insofar as the allegations that the plaintiff borrowed from defendant $5, which she has not paid back. The court further concludes that the plaintiff is entitled to recover of the defendant the sum of $95."

While the brief of counsel for plaintiff in error does not contain the specifications of error complained of separately set forth and numbered, as required by rule 26 of this court, we are able to gather from his brief that he relies upon the following grounds for reversal:

(1) "The first and second findings we admit. The third we claim is erroneous and is contrary to the evidence. We contend that the grantor did go and try to get grantee to make the title good, but she neglected to do so.

(2) "In the seventh finding the court intimated that the warranty deed was not properly introduced in evidence, and also that it was superseded by the written contract. In this we believe the court was in error. The plaintiff must have known the legal effects of the warranty, and it will be seen all through the record that she was trying to evade the same."

As we construe the record the plaintiff was clearly entitled to recover. We think counsel for plaintiff in error have fallen into error by assuming that the contract and deed when construed together amounted to an absolute warranty of title on the part of the plaintiff. As we view it the sole obligation created by these instruments was to require the plaintiff "to assist the defendant to secure a quitclaim deed from the balance of the heirs," when called upon to do so by the party of the second part. We are unable to find any evidence in the record tending to show that she was called upon to do this. It is true that the defendant resorted to other means more satisfactory to himself for clearing the title and expects the plaintiff to bear the additional expense thus created. But the plaintiff only agreed to assist him in securing a quitclaim deed from the balance of the heirs. This, no doubt, is what the trial court had in mind in making its third finding, that defendant never requested grantor to help him clear up the title, etc., and that the title had been cleared up when this action was filed; and in its sixth finding, that the evidence fails to show that the grantor warranted the title to the property. We think there is some evidence tending to show that the defendant did request the plaintiff to absolutely clear the title for him, but she did not agree to do this in her contract. What she agreed to do was to assist him in securing a quitclaim deed from the balance of the heirs. She was, therefore, under no obligation to pay the expenses of clearing the title in any other manner.

For the reasons stated, the judgment of the court below is affirmed.

RAINEY, V. C. J., and PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.